IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

METROPOLITAN PROPERTY                         PLAINTIFF
CASUALTY INSURANCE COMPANY

v.                    CASE NO. 4:12CV00223 BSM

GERRY CALVIN AND
GARRISHA CALVIN                                           DEFENDANTS

## ORDER

Plaintiff's motion for summary judgment [Doc. No. 106] is granted and defendants' motion for partial summary judgment [Doc. No. 109] is denied. The pending motions in limine [Doc. No. 134, 136, 139] are denied as moot.

### I. FACTUAL BACKGROUND

The undisputed facts are as follows. On March 7, 2006, Gerry Calvin's home in Plumerville, Arkansas, burned. His homeowner's policy with Shelter Insurance covered the loss and he rebuilt on the property. Mr. Calvin then contacted a State Farm insurance agent to discuss coverage. Although the parties dispute whether Mr. Calvin actually applied for insurance and was declined by State Farm, it is undisputed that the agent told him that State Farm would not insure him because of the previous fire and that he should seek insurance through an independent agent and a high risk company.

Shortly after talking to the State Farm agent, Mr. Calvin went to Mackey Insurance Agency, Inc. to apply for a policy. The application contained a question about previous losses and included a statement that the applicant had read it and that the information

contained in the application was true, complete, and correct. Mr. Calvin's application stated that he had no previous losses. He signed it and, on September 19, 2007, Metropolitan Property & Casualty Insurance Co. ("Metro") issued a homeowner's policy.

On May 15, 2011, the home burned while Mr. Calvin and his family were out of town. The cause of the fire could not be determined and Metro began an investigation. On April 12, 2012, Metro filed suit, seeking declaratory judgment that the policy is void and reimbursement of amounts already paid under the policy. Mr. And Mrs. Calvin counterclaimed for breach of contract, slander, outrage, bad faith, and unjust enrichment. Both parties now move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the

nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

At the outset, it should be noted that the Calvins did not respond to Metro's motion for summary judgment on their claims for slander and outrage. Because it appears they have abandoned those claims, they are dismissed. As a result, this analysis will focus only on Metro's claim for declaratory judgment and the Calvins' counterclaims for breach of contract and bad faith.

A.   Metro's Motion for Summary Judgment

Metro's motion for summary judgment is granted.

*1. Declaratory Judgment*

Metro seeks declaratory judgment that the insurance policy is void because of material misrepresentations made by the Calvins before and after the fire. In addition to alleging that the insurance application contained material misrepresentations, Metro also alleges that Mr. Calvin made misrepresentations during the investigation about his income, ownership of the home, its contents, other fire losses, and his arrest record, social security number, and date of birth. Although he disputes these misrepresentations, it is unnecessary to decide whether a question of fact remains on these alleged misrepresentations because Mr. Calvin's application contained a material misrepresentation. As a result, the policy is void.

The Calvins' insurance policy states that coverage is void if they "conceal[ed] or misrepresent[ed] any material fact or circumstance...affecting any matter relating to this insurance or any loss...whether before or after a loss." Mr. Calvin's 2006 house fire is material to his 2007 application for homeowner's insurance because it is relevant to Metro's rights to decide upon its obligations and protect itself against false claims. *Willis v. State Farm Fire and Cas. Co.*, 219 F.3d 715, 718 (8th Cir. 2000). It is undisputed that the application was signed by Mr. Calvin and stated that he had no prior losses. The issue, therefore, is whether this misrepresentation renders the policy void.

Arkansas law recognizes an insurer's common law right to rescind on the basis of a material misrepresentation or the omission of previous fire losses. *See Nationwide Mut. Fire Ins. Co. v. Citizens Bank & Trust Co.*, 2014 Ark. 20 (*citing Ferrell v. Columbia Mut. Cas. Ins. Co.*, 306 Ark. 533, 537 (Ark. 1991)). The general rule is that a person who signs a document is bound by law to know its contents, absent fraud or other inequitable conduct. *Neil v. Nationwide Mut. Fire Ins. Co.*, 355 Ark. 474, 479-80 (Ark. 2003). This exception for fraud or inequitable conduct is broader in insurance cases because of the disparity of bargaining power between the parties. *Id*. As a result, an insurer cannot use misstatements in an application that result from fraud, negligence or mistake by the insurer's agent to avoid liability on a policy, if the agent was acting within the scope of his authority and there was no fraud or collusion on the part of the insured. *See Burnett v. Philadelphia Life Ins. Co.*, 81 Ark. App. 300, 304 (Ark. Ct. App. 2003) (collecting cases).

The Calvins state that the failure to disclose the 2006 fire does not void the policy. They argue that although the application stated Mr. Calvin had no previous losses, he answered truthfully when the insurance agent, Eleen Mackey, asked him about previous losses. As a result, the Calvins assert that the exception to the general rule applies, and Mr. Calvin should not be bound by his signature and certification that the information in the application was true, complete and correct.

The Calvins rely largely on *Neil* and *Burnett*, cases in which the parties disputed whether the agent asked all the questions on the application and if the insured answered truthfully. Even assuming, as is proper at this stage, that Mr. Calvin answered the questions truthfully, this case is distinguishable. Here, Mr. Calvin does not allege that he was never asked about previous fire losses. He also does not allege that Mackey misrepresented the contents of the document to him or obtained his signature fraudulently. Further, in addition to certifying that his answers were true, correct and complete, Mr. Calvin also certified that he had read the document. It is also undisputed that another insurer told Mr. Calvin, shortly before he went to Mackey to apply for insurance, that it would not insure him because of the 2006 fire. As a result, he knew that any insurance application he completed should include the 2006 fire loss. In light of these undisputed facts, there is simply no basis for exempting Mr. Calvin from the general rule, and he is bound by the contents of the document he signed. As a result, the failure to disclose the 2006 fire loss is a material misrepresentation which voids the policy.

The Calvins raise three other arguments to support their argument that this misrepresentation should not void the policy. First, they argue that the application cannot be used as evidence because it was not attached to or made part of the policy when it was issued. In support, they point to testimony that indicates an electronic version of the application was used to issue the policy. This argument fails, however, because Arkansas law requires only that a "true copy of those portions of the application signed by the applicant" be attached or made part of the policy when it is issued. Ark. Code Ann. § 23-79-106. Although they allege that a true copy was not made part of the policy when it was issued, they have not put forth evidence to support this allegation.

The Calvins' second argument is slightly confusing. They appear to assert that Metro must demonstrate both that the misrepresentation was material and that Metro actually relied upon it. Because Mackey generated a report during the application process which indicated that Mr. Calvin had a prior loss, they assert that Metro had actual knowledge of the 2006 fire and did not therefore rely on Mr. Calvin's representations in his application. This argument fails for a number of reasons. First, Arkansas law does not require a showing of actual reliance for an insurer's defense based on fraud or false swearing. *See Willis v. State Farm Fire and Cas. Co.*, 219 F.3d 715, 719 (8th Cir. 2000). In addition, there is no evidence that the loss report generated by Mackey was actually made part of the application or that it was ever received by Metro. Further, Arkansas law does not place an affirmative duty upon insurance carriers to independently investigate the truth of facts stated in an insurance

application. *Countrywide Cas. Co. v. Orr*, 523 F.2d 870, 873 (8th Cir. 1975).

The Calvins' next argument is that Metro has not met the requirements for rescission by offering to return Mr. Calvin's premiums when the misrepresentation was discovered. As the Calvins correctly note, rescission on the basis of fraud should be done as soon as the truth is discovered so that the parties can be restored to their original positions; it may be done without court action by prompt restoration of benefits to the insured. *Herrick v. Robinson*, 267 Ark. 576, 585 (Ark. 1980). Rescission may also be accomplished by seeking declaratory judgment. *See Douglass v. Nationwide Mut. Ins. Co.*, 323 Ark. 105 (Ark. 1995). Here, Metro has properly sought declaratory judgment. Further, it alleges that it has already paid $42, 570.80 to Mr. Calvin for living expenses under the policy. In its motion, Metro offers to either reduce its claim for reimbursement by the total value of the premiums paid by Mr. Calvin or to simply restore the premiums to Mr. Calvin, if the policy is declared void. As a result, Metro has not improperly sought rescission.

For these reasons, the policy is declared void due to a material misrepresentation. Metro is entitled to return of the amount advanced under the policy and Mr. Calvin is entitled to return of premiums paid.

*2. Bad Faith*

Metro's motion for summary judgment on the Calvins' bad faith claim is granted. Bad faith occurs when an insurance company "affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Columbia Nat. Ins.*

*Co. v. Freeman*, 64 S.W.3d 720, 723 (Ark. 2002).  In Arkansas, bad faith is "dishonest, malicious, or oppressive conduct...characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 628 (Ark. 2005).  The standard is rigorous and difficult to satisfy; examples of bad faith include an agent lying about coverage, conduct that is aggressive, abusive or coercive, and intentional alteration of insurance records.  *Id*., at 627-28.

    The Calvins base their bad faith claim largely on an alleged failure by Metro to comply with state law reporting requirements in cases of suspected fraud or arson.  Metro disputes this allegation, which is the subject of its pending motion to supplement [Doc. No. 134], which is not yet ripe.  Even assuming without holding that Metro failed to comply, the Calvins' bad faith claim still fails.  This is true because an insurer's failure to report suspected fraud or arson may be relevant if there is other evidence of bad faith, and there is no such evidence here.

    The Calvins rely heavily on two cases: *Keaton v. Prop. & Cas. Ins. Co. of Hartford*, Case No. 4:07CV00634 BSM (E.D. Ark., July 30, 2008) and *Allstate Ins. Co. v. Weber*, Case No. 1:05CV00039 BRW (E.D. Ark., May 11, 2007).  In *Keaton*, an investigator lied to the insured and threatened her with criminal prosecution, yet declined to report her suspected insurance fraud.  It was determined that the investigator's lies and threats, coupled with the failure to report the fraud, was sufficient to create a jury question on the issue of bad faith.  In *Weber*, the insured alleged that the insurance company did not inform him of his

requirements under the policy and that it forged his signature to the application.

Here, Mr. Calvin has not offered any evidence that Metro acted in a dishonest, malicious or oppressive manner, other than its investigation and subsequent denial of his claim. Indeed, he testified that he had been treated courteously and that it was reasonable for Metro to investigate the claim, in light of the surrounding circumstances. Further, he has offered no evidence contradicting Metro's assertion that it has already advanced $42,570.80 to him under the policy. Accordingly, summary judgment is granted as to the Calvins' bad faith claim.

B.  The Calvins' Motion for Partial Summary Judgment

The Calvins' motion is denied. Although styled as a motion for summary judgment, the motion actually seeks partial summary judgment on the Calvins' breach of contract claim. In it, they raise a number of the same arguments contained in their response to Metro's motion for summary judgment and addressed above in section III.A. As a result, they will not be addressed again here.

To prevail on their breach of contract claim, the Calvins must prove: (1) the existence of a valid agreement; (2) Metro's breach of that agreement; and (3) damages as a result of the breach. *Powell v. TPI Petroleum, Inc.*, 510 F.3d 818, 822 (8th Cir. 2007). For reasons already stated, the policy is void and no valid agreement between the parties exists. Accordingly, the Calvins' motion for partial summary judgment on the breach of contract claim is denied.

IV. CONCLUSION

For these reasons, Metro's motion for summary judgment [Doc. No. 106] is granted and the Calvins' motion for partial summary judgment [Doc. No. 109] is denied. Metro is entitled to recover the amount paid to Mr. Calvin under the policy, and Mr. Calvin is entitled to a refund of the premiums paid to Metro. The pending motions in limine [Doc. No. 134, 136, 139] are denied as moot.

An appropriate judgment shall accompany this order.

IT IS SO ORDERED this 20th day of February 2014.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE